UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

## CIVIL MINUTES - GENERAL

| Case No. | CV 25-05137-AS | Date | August 7, 2025 |
|---|---|---|---|
| Title | Dora Patel Calderon and Herber Patal Torres v. Nissan North America, Inc., and Does 1 through 10, | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge |
|---|---|
| Alma Felix | N/A |
| Deputy Clerk | Court Smart / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| N/A | N/A |

**Proceedings:** **(IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND ACTION TO STATE COURT [DKT. NO. 8]**

On July 7, 2025, Plaintiffs Dora Patel Calderon and Herber Patal Torres ("Plaintiffs") filed a motion to remand this action to state court contending that the removal of this case to Federal Court was not timely. (Dkt. No. 8). On August 3, 2025, Defendant Nissan North America Inc., ("Nissan"), filed its opposition to the motion, and on August 5, 2025, Plaintiffs filed a reply. (Dkt. Nos. 9-10). The Court, having reviewed the parties' submissions, finds Plaintiffs' motion suitable for decision without oral argument. See Fed.R,Civ.P. 789(b); Local Rule 7-15. For the reasons set forth below, the motion is GRANTED.

Background:

On March 27. 2025, Plaintiffs filed a complaint in in Los Angeles Superior Court against Nissan asserting claims for breach of warranty and violations of the Song-Beverly Consumer Warranty Act relating to their purchase of a 2023 Nissan Rogue vehicle. (Docket ("Dkt") No. 1; Exhibit 1("Complaint")). Plaintiffs allege that the 2023 Nissan Rogue they purchased on June 16, 2024, "as reflected in the sales contract, has an approximate value of $50,483.854. (Complaint ¶ 8). Plaintiffs presented the vehicle for repairs (1) on June 21, 2024, with approximately 1,458 miles on the odometer, reporting the "check engine" light was illuminated; (2) on June 27, 2024, with approximately 1,699 miles on the odometer, again reporting that the "check engine" light

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-05137-AS | Date | August 7, 2025 |
|---|---|---|---|
| Title | Dora Patel Calderon and Herber Patal Torres v. Nissan North America, Inc., and Does 1 through 10, | | |

was reappearing; (3) in July 2024, with approximately 2,074 miles on the odometer, reporting the continued illumination of the "check engine" light; and (4) in September 2024, with approximately 4,984 miles on the odometer, again reporting that the "check engine" light was illuminating. Id., ¶¶ 11-14. Plaintiffs seek recission of the sales contract for the vehicle, reimbursement of the price paid for the vehicle, incidental, consequential and general damages, a civil penalty of up to two times the amount of actual damages, and costs and expenses, including attorney's fees, based on Nissan's failure to comply with its obligations under the Song-Beverly Act, Id., ¶¶ 31-34, 45-47, 59-61.

Nissan was served with the complaint on April 4, 2025. (Dkt. No. 8; Exh. 2). On May 8, 2025, Nissan filed an answer to the complaint, (Dkt. No. 1; Exh. 2), and on June 5, 2025, Nissan removed the action to this Court. (Dkt. No. 1).

Legal Standard

A defendant may remove a civil action from state court to federal court if the federal court has original jurisdiction over the case. 28 U.S.C. § 1441(a); see Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). Original subject matter jurisdiction exists when there is complete diversity of citizenship between the parties and more than $75,000 in controversy. 28 U.S.C. § 1332.

28 U.S.C. § 1446(b) provides two thirty-day periods for removing a case. "The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face." *Kushausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013). If the ground for removal does not appear from the face of the initial pleading, the second thirty-day period is triggered when "the defendant receives a copy of an amended pleading, motion, order or other paper from which removability may first be ascertained." Id. *Dietrich v. Boeing Co.*, 14 F.4th 1089, 1090-91 (9th Cir. 2021). Defendants are required to "apply a reasonable amount of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-05137-AS | Date | August 7, 2025 |
|---|---|---|---|
| Title | Dora Patel Calderon and Herber Patal Torres v. Nissan North America, Inc., and Does 1 through 10, | | |

intelligence in ascertaining removability" and "[m]ultiplying figures clearly stated in a complaint is an aspect of that duty." *Kuxhausen*, 707 F.3d at 1140.

If the notice of removal is untimely filed, a plaintiff may move to remand the case back to state court. A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within thirty days after the filing of the notice of removal under § 1446(a). 28 U.S.C. §§ 1446(b), 1447(c). The statutory removal deadline is mandatory and a timely objection to a late notice of removal will defeat removal. *Zamora v. Ford Motor Company*, 2025 WL 243170 *2 (C.D. Cal. Jan. 17, 2025).

Discussion

On June 5, 2025, Nissan removed this action to Federal Court based on diversity jurisdiction, alleging complete diversity of citizenship between Plaintiffs, citizens of California, and Nissan, a Delaware corporation with its principal place of business in Tennessee and therefore, a citizen of Delaware and Tennessee. (Dkt. No. 1 at 3). Nissan alleges that the amount in controversy exceeds the $75,000 requirement, based on Plaintiffs' allegation that the approximate value of the vehicle they purchased is $50,483 and Plaintiffs' request for "rescission of the purchase contract and restitution of all monies expended," consequential and incidental damages, civil penalties "in the amount of two times Plaintiff's actual damages," and attorney's fees. Id. at 3-4. Nissan avers that the combination of actual damages, civil penalties, past and conservatively calculated future attorney's fees result in an amount in controversy that meaningfully exceeds the $75,000 threshold necessary for diversity jurisdiction. Id. at 5.

Plaintiffs' motion for remand is based on Nissan's untimely removal of this case. (Dkt. 8 at 6). Plaintiffs contend that because the removability of this action "was clear and ascertainable from the face of Plaintiffs' state complaint," Nissan was required to file its notice of removal within thirty days after service of the summons and complaint, and its failure to do so renders the removal procedurally defective. Id. at 6-8. In its opposition, Nissan claims that its removal was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-05137-AS | Date | August 7, 2025 |
|---|---|---|---|
| Title | Dora Patel Calderon and Herber Patal Torres v. Nissan North America, Inc., and Does 1 through 10, | | |

timely because the thirty-day deadline in 28 U.S.C. § 1446(b)(1) does not apply when the determination of the basis for removability is "based on defendant's own documents and investigation." Dkt. No. 9 at 7-8. Nissan claims that because Plaintiff's complaint provided insufficient information about the removability of this case, it was required to "perform additional information" to determine whether removal was plausible. Id., at 8. Accordingly, Nissan contends that its notice of removal was timely under 28 U.S.C. § 1446(c) which permits a defendant to file a notice of removal within one year of the commencement of the action when a plaintiff's complaint is indeterminate as to the basis for removability. (Dkt. No. 9 at 7-8). In their reply, Plaintiffs aver that the complaint provided sufficient information for Nissan to ascertain the basis for removal, pointing out that Plaintiffs alleged actual damages of $50,483 and sought a two-time civil penalty which readily establishes the $75,000 threshold for removal based on diversity. (Dkt. No. 10). The Court agrees.

As set forth above, the complaint alleges that Plaintiffs' vehicle has an approximate value of $50,483.84 and seeks recission of the purchase contract, restitution of all monies expended, a civil penalty of two times the actual damages and reasonable attorney's fees and costs. Dkt. No. 1. Exh. 1). Moreover, the caption of the complaint identifies Plaintiffs as citizens of the state of California and Nissan as a Delaware corporation. (Complaint). Removability is readily ascertainable from the four corners of the complaint. See *Carvalho v. Equifax Information Servs, LLC*, 629 F.3d 876, 886 (9th Cir. 2010). See also *Zamora*, 2025 WL 243170 *2 (C.D. Cal. Jan. 17, 2025) (granting motion to remand where complaint alleged vehicle's approximate value was $26,268 and sought a civil penalty of two times the actual damages). Nissan was served with the complaint on April 4, 2025. (Dkt. No. 8; Exh. 2). Because the basis for removal was plainly evident from the complaint, Nissan was required to file a notice of removal no later than thirty days after service. 28 U.S.C. § 1446(b)(1). Nissan's notice of removal, filed on June 5, 2025, was procedurally defective. Plaintiffs' motion for remand was timely filed on July 7, 2025.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-05137-AS | Date | August 7, 2025 |
|---|---|---|---|
| Title | Dora Patel Calderon and Herber Patal Torres v. Nissan North America, Inc., and Does 1 through 10, | | |

Conclusion

    Plaintiff's Motion to Remand this Action to State Court (Dkt. No. 8) is GRANTED. This actin shall be remanded to the Superior Court of the State of California for Los Angeles County. The Clerk of Court shall send a copy of this Order to the state court.

    **IT IS SO ORDERED.**